UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on April 11, 2024

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| BRIAN PHELPS, | : | VIOLATIONS: |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| Defendant. | : | (Unlawful Possession with Intent to |
| | : | Distribute Fentanyl) |
| | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm in Furtherance of a Drug |
| | : | Trafficking Offense) |
| | : | 22 D.C. Code § 4504(a) (2001 ed.) |
| | : | (Carrying a Pistol Without a License |
| | : | (Outside Home or Place of Business)) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a) and (p); |
| | : | 18 U.S.C. § 924(d); and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about January 18, 2022, within the District of Columbia, **BRIAN PHELPS**, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C))

## COUNT TWO

On or about January 18, 2022, within the District of Columbia, **BRIAN PHELPS** did unlawfully and knowingly use and carry, during and in relation to, and did possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count One of this Indictment which is incorporated herein, a firearm, that is, a .40 caliber Polymer 80 Privately Manufactured Firearm.

**(Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i))

## COUNT THREE

On or about January 18, 2022, within the District of Columbia, **BRIAN PHELPS**, did carry, openly and concealed on or about his person, a pistol, in a place other than his dwelling place, place of business or on other land possess by him, a pistol, without a license issued pursuant to law.

**(Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of Title 22, District of Columbia Code, Section 4504(a))

## FORFEITURE ALLEGATION

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841 as alleged in Count One of this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

## FORFEITURE ALLEGATION

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), upon conviction of Title 18, United States Code, Section 924 as alleged in Count Two of this Indictment, the defendant shall forfeit to the United States, pursuant, any firearms and ammunition involved in or used in the knowing commission of the offense.

## SPECIFIC PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following:

1) a .40 caliber Polymer 80 Privately Manufactured Firearm
2) 12 rounds of .40 caliber ammunition.

## MONEY JUDGMENT

The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense.

## SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

*[signature]*

FOREPERSON.

*Matthew M. Graves/CCW*

Attorney of the United States in
and for the District of Columbia.